UNITED STATES DISTRICT COURT

EASTERN DISTRICT COURT OF LOUISIANA

| | | |
|---|---|---|
| SILVER DREAM, L.L.C., a Louisiana Limited Liability Company | ) ) ) | CIVIL ACTION NO. 2010-4317 |
| Plaintiff, | ) ) | SECTION "I" JUDGE LANCE AFRICK |
| v. | ) ) | |
| MARKET TRENDS, INC. | ) ) | DIVISION "5" MAGISTRATE JUDGE CHASEZ |

**FIRST AMENDED COMPLAINT**

Plaintiff, Silver Dream, L.L.C., alleges the following in support of its First Amended Complaint:

### INTRODUCTION

1. This action arises out of willful copyright infringement by defendants of an original jewelry design created and owned by plaintiff, Silver Dream. Silver Dream seeks preliminary and permanent injunctive relief, damages and attorney fees for injuries that have been and will continue to be caused by such use in violation of the Copyright Act (17 U.S.C. §§101, *et seq*), for unfair competition under Louisiana law and for violation of the Louisiana Unfair Trade Practices and Consumer Protection Law (La.R.S. 15:1401 *et seq*).

### JURISDICTION AND VENUE

2. This action arises under the Copyright Act, 17 U.S.C. §§101 *et seq* and the jurisdiction of the Court is founded upon 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1338(a) (original and exclusive jurisdiction over copyright actions). The Court has jurisdiction over Silver Dream's state law claims pursuant to 28 U.S.C. §1367.

3. The Court has personal jurisdiction over the defendants because they have committed and continue to commit willful copyright infringement in the State of Louisiana and in this judicial district.

4. Venue lies in the Eastern District of Louisiana pursuant to the provisions of 28 U.S.C. §1391(b) and §1391(c) and 28 U.S.C. 1400(a) and (b) because a substantial part of the events and omissions giving rise to the claims asserted in this Complaint occurred in this judicial district and because defendants may be found in this district.

### THE PARTIES

5. Plaintiff Silver Dream, L.L.C. is a Louisiana limited liability company having its principal place of business at 8004 Willow Street, New Orleans, Louisiana. Silver Dream designs, markets and sells jewelry. Silver Dream's products are sold throughout the United States, including the Eastern District of Louisiana.

6. Defendant Market Trends, Inc. is a South Carolina corporation with its principal place of business at 234 Marsh Oaks Drive, Charleston, South Carolina.

7. Upon information and belief, D.K. Enterprises of Syracuse, Inc. is a New York corporation with its principal place of business at 1204 Broadway, Suite 203, New York, New York and does business as D.K. Enterprises.

**FACTUAL ALLEGATIONS**

8. Silver Dream, through its owners Joseph and Lety Tumulty, has operated a wholesale jewelry design business in New Orleans for more than a decade. Silver Dream creates original jewelry designs – often incorporating a New Orleans theme – and sells its jewelry to retailers in New Orleans, Louisiana and across the United States.

9. In the fall of 2009, Silver Dream conceived and created a jewelry design for a football-themed fleur de lis, including an image of a football, an image of a sports stadium and the words "Who Dat", "New Orleans" and "Believe Dat." The jewelry design was ultimately captured in the pendant pictured to the right (hereafter referred to as the "Silver Dream Design").



10. Jewelry incorporating the Silver Dream Design was and continues to be extremely successful.

11. The Silver Dream Design is wholly original and constitutes copyrightable subject matter. All rights, title and interest in the Silver Dream Design are owned by Silver Dream.

12. Silver Dream owns and holds United States Copyright Registration No. VA 1-732-632 issued by the United States Copyright Office.

13. Jewelry incorporating the Silver Dream Design has been widely advertised and sold in the greater New Orleans area since fall 2009.

14. Silver Dream and Market Trends are competitors in the jewelry industry. As both attend and market their products at events in New Orleans, both are aware of each other's

jewelry designs and the relative success of those designs.  Once the Silver Dream Design was put in the marketplace, Market Trends had access to the design and, upon information and belief, knew the design was experiencing success in the marketplace.

15. Market Trends has marketed and sold jewelry that directly copies the Silver Dream Design.  Upon information and belief, Market Trends' copying and selling of Silver Dream's design has been willful and intentional.

16. Jewelry sold by Market Trends wholly encompasses and directly copies Silver Dream's Design; an image of Market Trends' copied pendant is shown below.  Market Trends' pendant is identical to pendants sold by Silver Dream incorporating the Silver Dream Design.  The football and sport stadium images are depicted at exactly the same location on the fleur de lis.  The phrases "Who Dat", "New Orleans" and "Believe Dat" also appear in the same location on Market Trends' design as the Silver Dream Design.  It is immediately obvious that Market Trends copied Silver Dream's Design.

**Silver Dream's Fleur De Lis Pendant**



**Defendants' Copied Design**



17. Market Trends knew, or should have known, that it did not have permission to copy Silver Dream's Design.

18. Silver Dream became aware of Market Trends' infringing activity at the November 2010 Helen Brett show at the New Orleans Convention Center. Silver Dream demanded that Market Trends cease its sales of the infringing product and provide Silver Dream with details regarding the source of the infringing product. Market Trends initially refused to cooperate.

19. On November 12, 2010, Silver Dream was forced to initiate this lawsuit in order to stop further manufacturing, marketing and sales of infringing products.

20. On December 13, 2010, Market Trends provided Silver Dream with an Affidavit, a copy of which is attached as Exhibit 1, providing sworn testimony that the infringing products were purchased from defendant D.K. Enterprises.

21. Defendant D.K. Enterprises is an importer and wholesaler of silver jewelry. D. K. Enterprises is a direct competitor of Silver Dream.

22. Upon information and belief, D.K. Enterprises has sold jewelry products incorporating the Silver Dream Design not only to Market Trends but to other third parties.

23. D.K. Enterprises knew or should have known that it did not have permission to copy Silver Dream's Design. D.K. Enterprises' copying of the Silver Dream Design was willful and intentional.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT

24. Silver Dream repeats and realleges the allegation set forth in paragraphs 1-23 above as if fully set forth in this paragraph.

25. Silver Dream owns all right and title to the copyright interests in the Silver Dream Design and holds a copyright registration issued by the United States Copyright Office.

26. Market Trends and D.K. Enterprises have willfully and intentionally infringed Silver Dream's copyright interests in the design by copying, marketing and selling an identical design.

27. Defendants' acts of copyright infringement have damaged Silver Dream in a sum not presently known but believed to be significant.

28. Silver Dream is entitled to preliminary and permanent injunctive relief, damages, attorney fees and the destruction of all infringing copies.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION

29. Silver Dream realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 28 above.

30. The actions and conduct of Market Trends and D.K. Enterprises constitute unfair competition in violation of Louisiana law.

31. Defendants' unfair competition has damaged Silver Dream in a sum not presently known but believed to be significant.

32. Silver Dream is entitled to preliminary and permanent injunctive relief, damages, attorney fees and the destruction of all infringing copies.

## THIRD CAUSE OF ACTION
## UNFAIR COMPETITION

33. Silver Dream realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 32 above.

34. The actions and conduct of Market Trends and D.K. Enterprises constitute a violation of Louisiana's Unfair Trade Practices and Consumer Protection Law, La.R.S. 51:1401-1420.

35. Defendants' unfair trade practices have damaged Silver Dream in a sum not presently known but believed to be significant.

36. Silver Dream is entitled to preliminary and permanent injunctive relief, actual damages, treble damages, attorney fees and costs.

## PRAYER FOR RELIEF

Silver Dream, L.L.C. prays for relief as follows:

A. A judgment against Market Trends, Inc., and its affiliates, agents, servants, employees, representatives and all other persons, firms or corporations in active concert or participation with them, preliminarily and permanently enjoining and restraining them from using, copying or otherwise infringing Silver Dream's Design;

B. A judgment against D.K. Enterprises of Syracuse, Inc., and its affiliates, agents, servants, employees, representatives and all other persons, firms or corporations in active concert or participation with them, preliminarily and permanently enjoining and restraining them from using, copying or otherwise infringing Silver Dream's Design;

C. Ordering the seizure and destruction of any infringing materials;

D. Requiring defendants to account for and pay to Silver Dream, all gains, profits, and advantages derived from defendants' wrongful acts, or such alternative measure or measures of damages, including statutory damages, as may be appropriate.

E. In view of defendants' willful conduct, treble or exemplary damages.

F. An award of attorney fees, interests and costs; and,

G. Any other or further relief to which plaintiff may be entitled.

Dated: December 16, 2010

>Respectfully submitted,
>
>/s/ Greg Latham_____
>Gregory D. Latham
>201 St. Charles Avenue, Suite 114
>New Orleans, Louisiana 70170
>Phone: (504) 322.7166
>Fax: (504) 322.7184
>glatham@iplawconsulting.com
>
>*Attorney for Silver Dream, LLC*